**United States District Court**
**Eastern District of Pennsylvania**

---

| | | |
|---|---|---|
| Laborers International Union of North America | : | |
| Local No. 199 Welfare, Pension, Apprenticeship | : | |
| & Training, Annuity and Laborers-Employers | : | |
| Cooperative Education Trust Funds of | : | Civil Action |
| Delaware, Inc., et al., | : | |
| Rockwood Office Park | : | |
| 501 Carr Road, Suite 220 | : | No. |
| Wilmington, DE 19809 | : | |
| and | : | |
| Laborers International Union of North | : | |
| America, Local No. 199 | : | |
| 308 Market Court | : | |
| New Castle, DE 19713, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Philadelphia D&M, Inc. | : | |
| 500 Davis Drive, Suite 100 | : | |
| Plymouth Meeting, PA 19462 | : | |
| | : | |
| Defendant | : | |

---

**Complaint**

---

**Jurisdiction and Venue**

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee

Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145,

and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29

U.S.C. § 185, to collect unpaid fringe benefit contributions, unpaid union dues and liquidated

damages.

2. This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337. Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

<b>Parties</b>

3. The Plaintiffs, Laborers International Union of North America, Local No. 199 Welfare, Pension, Apprenticeship, Vacation, Apprenticeship and Training, Annuity, and Laborers-Employers Cooperative Education Trust Funds ("Funds"), are jointly-administered, multi-employer benefit funds within the meaning of §302 of the LMRA, 29 U.S.C. §186, and §§ 3(3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A) with the exception of the Laborers-Employers Cooperative Education Trust Fund ("LECET"). LECET is a jointly-administered, industry wide labor-management committee within the meaning of §302(c)(9) of the LMRA, 29 U.S.C. §186(c)(9). The Funds receive contributions from various construction contractors who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with Laborers International Union of North America Local 199 ("Local 199") and by virtue of their agreed to be bound by the Agreements and Declarations of Trusts that establish the Funds. The Funds' offices are located at Rockwood Office Park, 501 Carr Road, Suite 2020, Wilmington, Delaware 19809.

4. Plaintiff, Laborers International Union of North America, Local 199 is a labor organization within the meaning of §2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and an employee organization within the meaning of §3(4) of ERISA, 29 U.S.C. §1002(4). Its principal place of business is 308 Markus Court, New Castle, Delaware 19713.

2

Local 199 represents employees employed in the construction industry as laborers in the State of Delaware.

     5.  Defendant, Philadelphia D & M., Inc. ("Defendant"), is a Pennsylvania corporation with a principal place of business at 500 Davis Drive, Suite 100, Plymouth Meeting, Pennsylvania 19462.  At all times relevant hereto, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of §301 of the LMRA, 29 U.S.C. § 185, and §152(2) of the NLRA, 29 U.S.C. §152(2).  The Defendant is also an employer within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5).

**Factual Allegations**

     6.  At all times relevant hereto, the Defendant has agreed to be bound by the terms of a collective bargaining agreement ("Agreement") between the Delaware Contractors Association and Local 199 which set forth, *inter alia*, the wages, hours and other terms and conditions of employment of laborers employed by the Defendant in the State of Delaware.  Among the provisions contained in the Agreement are clauses that require Defendant to make timely contributions to the Funds on a monthly basis when laborers are employed by the Defendant, to submit timely monthly contribution report forms to the Funds' administrator, to withhold from the wages of those laborers employed under the terms of the Agreement who have so authorized in writing monthly union and organizing dues, contributions to the Delaware Laborers Political League ("DELPL") and contributions to the Vacation Fund, to utilize members of Local 199 to perform work covered by the collective bargaining agreement and, to the extent that the Defendant has vacancies in the laborers craft, to contact the Local 199 Hiring Hall to dispatch laborers to job sites and to compel any individual who is employed as a laborer in the State of

3

Delaware to join the Union within seven (7) days after the date of hire.

7. "Timely" contributions, as referred to under the terms of the Agreement and under the Agreements and Declarations of Trust establishing the Funds means that all employee benefit contributions must be received by the Funds on or before the fifteenth day of the month following the month in which the benefits are earned.

8. Under the terms of the Agreement and the rules of the Funds, contribution report forms, like the contributions themselves, must be received no later than the fifteenth day of the month after the month in which the hours were worked by members of Local 199 or any other laborers employed by the Defendant under the terms of the Agreement. Under the Agreement and the Agreements and Declarations of Trust establishing the Funds, and rules of the Funds, all reports received after the fifteenth of the month after the month in which the hours were worked are subjected to a ten percent liquidated damages charge.

9. Under the terms of the Agreement and the rules of the Funds, a signatory employer must make available to the Funds' auditors all books and records for purposes of determining whether contributions to the Funds and LECET and money withheld from employees' wages were properly transmitted to the Funds and the Union.

10. On June 28, 2016, the Funds' auditor, Belfint, Lyons & Shuman, P. A. ("BLS") audited the defendant's books and records for the period of January 1, 2013 through December 31, 2015.

11. On October 28, 2016, BLS transmitted to the Funds and the Union an audit report ("Audit Report") that defendant had failed to make certain required contributions to the Funds and transmit to the Funds for disbursement for the Union certain monies due under the agreement

to which the defendant is bound.

12.  The Audit Report was transmitted to the defendant on December 21, 2016 with a request that the defendant identify any errors or disputes but the defendant has failed to do so.

13.  Under the terms of the Audit Report, and it is so alleged, the defendant employed a member of the Union during the month of March, 2015 to perform work covered by the Agreement on behalf of whom the Defendant was required to make timely contributions to the Funds and LECET and to transmit to the Fund monthly union and organizing dues, contributions to the Delaware Laborers Political League ("DELPL") and contributions to the Vacation Fund.

14.  Notwithstanding its obligation to do so, the defendant failed to contribute to the Funds and LECET $711.90 and transmit to the Funds office monthly union and organizing dues, contributions to the Delaware Laborers Political League ("DELPL") and contributions to the Vacation Fund on behalf of the member of the Union referred to in Paragraph 13 of this Complaint a total of $116.00.

15.  During the period of September 1, 2013 through December 31, 2014, the Defendant employed other individuals working as laborers who were covered by the Agreement but were not members of Local 199 but on whose behalf of whom the Defendant was required to make contributions to the Funds and LECET in the amount of $9,035.40.

16.  During the period the period of August 2013 through April 2015, the Defendant employed other individuals working as laborers who were covered by the Agreement but were not members of Local 199 but who were required as laborers employed under the terms of the Agreement to join Local 199 would have paid to the Funds for transmittal to Local 199 monthly union and organizing dues in the amount of $9,977.29.

**Count One**

**Breach of Collective Bargaining Agreement**
**For Failure to Make Contributions to Employee Benefit Funds**

17. Paragraphs 1 through 16 of the Complaint are re-alleged as if fully set forth herein.

18. At all times relevant to this action, the Defendant has employed individuals covered

by this Agreement and was required, on behalf of these individuals, to make the timely employee

benefit contributions as that term is defined in Paragraph 8 of this Complaint.

19. Despite having received demands that it perform its contractual obligations, the

Defendant has failed, neglected, and refused to make sufficient contributions to the Funds, as

alleged in Paragraphs 14 and 15 of this Complaint.

20. The Defendant's failure to submit contribute the amount of $9,747.30 to the Funds

for the period of August 2013 through April 2015 on behalf of laborers employed in the State of

Delaware under the terms and of the Agreement constitutes a breach thereof.

**Count Two**

**Violation of ERISA**
**For Failure to Make Contributions**

21. Paragraphs 1 through 20 of the Complaint are re-alleged as if fully set forth herein.

22. Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is

obligated to make contributions to a multi-employer plan under the terms of the plan or under the

terms of a collective bargaining agreement to do so in accordance with the terms and conditions

of the plan or agreement.

23. Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2), provides that in

any action instituted for or on behalf of a multi-employer plan to enforce the payment of

6

delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the

plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i)

interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an

amount not in excess of ten percent (10%), unless permitted under federal or state law, of the

amount of the unpaid contributions, plus (d) a reasonable attorney's fee and costs, plus (e) any

other legal and equitable relief that the court deems appropriate.

24.  The Defendant's failure and/or refusal to make contributions in the amount of

$9,747.30 for hours worked by individuals for the period of January, 2013 through April, 2015 in

accordance with the Agreement constitutes a violation of Section 515 of ERISA, 29 U.S.C.

§1145.

**Count Three**

**Breach of Collective Bargaining Agreement**
**For Failure to Withhold and Transmit Monthly Union and Organizing Dues and**
**Contributions to the DELPL and Vacation Fund**

25.  Paragraphs 1 through 24 of the Complaint are re-alleged as if fully set forth herein.

26.  Under the terms of the Agreement, the Defendant was obliged to withhold from the

wages of those laborers who executed authorizations permitting withholding from their wages

monthly union and organizing dues, contributions to the DELPL and to the Vacation Fund, and

transmit such sums to the Union, in the case of the monthly union and organizing dues and

contributions to the LPL, and to the Funds in the case of Vacation Fund contributions.

7

27. Notwithstanding its obligation to do so, the Defendant failed and refused to withhold and transmit to the Funds $9,977.29 in union and organizing dues, contributions to the DELPL and the Vacation Fund for the period of January, 2013 through April, 2015.

28. The Defendant's failure to withhold union and organizing dues and contributions to the DELPL and transmit such monies to the Funds for the period of January, 2013 through April, 2015 is a breach of the Agreement.

### Count Four

### Breach of Collective Bargaining Agreement
### For Failure to Enforce Union Security Clause

29. Paragraphs 1 through 28 of the Complaint are re-alleged as if fully set forth herein.

30. Under the terms of the Agreement, all employees working as laborers in the State of Delaware must, within seven (7) days of their hire, as a condition of employment join Local 199 and pay union dues.

31. During the period of January, 2013 through April, 2015, the Defendant employed a number of individuals as laborers in the State of Delaware who were not members of Local 199 but rather were members of Locals affiliated with the Laborers District Council of Philadelphia and Vicinity ("Non-Delaware Locals").

32. The laborers who were members of the Non-Delaware Locals were obliged to pay monthly union and organizing dues to Local 199 for all hours worked in the State of Delaware but did not do so because of the Defendant's failure to compel these individuals, upon threat of

8

termination, to meet those obligations.

33.  As a result of the refusal of the Defendant to apply the provision of the Agreement described in Paragraph 30 of the Complaint, $6,732.03 was not withheld from the wages of members of the non-Delaware Locals or paid directly to Local 199 by members of non-Delaware Locals who were working for the Defendant in the State of Delaware during the period of January, 2013 through April, 2015.

34.  The refusal of the Defendant to apply the provision of the Agreement described in Paragraph 30 of the Complaint constituted a breach of contract.

**Wherefore**, the Plaintiffs pray that the following relief be granted against the Defendant:

(a)  that judgment be entered against the Defendant and in favor of the Plaintiffs in the total amount of $26,320.25 representing, as of the date of the filing of this Complaint, (i) unpaid contributions in the amount of $9,747.30 (ii) liquidated damages in the amount of $1,983.66; (iii) monthly union and organizing dues, contributions to the DELPL and to the Vacation Fund that was withheld or should have been withheld from the wages of members of Local 199 in the amount of $116.00; (iv) monthly union and organizing dues that should have been withheld from the wages, or otherwise paid by members of the Non-Delaware Locals in the amount of $9,973.29; and (v) auditing fees of $4,500.00;

(b)  that judgment be entered against the Defendant and in favor of the Plaintiffs for interest, costs, and reasonable attorneys' fees as provided for by the Agreement and ERISA;

(c)  that this Court enter an Order, directing the Defendant to make future contributions in

9

a timely manner and in accordance with the Agreement and ERISA; and

    (d)  such other legal and equitable relief as this Court deems appropriate or to which

Plaintiffs are entitled.

Respectfully submitted,

**Markowitz & Richman**

| March 17, 2017 | /s/  Jonathan Walters |
|---|---|
| Date | Jonathan Walters (No. 23900) |

215-875-3121
jwalters@markowitzandrichman.com

R. Matthew Pettigrew, Jr. (No. 32952)
215-875-3132
mpettigrew@markowitzandrichman.com

123 South Broad Street, Suite 2020
Philadelphia, PA 19109
215-875-3100
215-790-0668 (fax)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleaadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Laborers International Union of North America Local No. 199 Welfare, Pension, Apprenticeship & Training, Annuity, and Laborers–Employers Cooperative Education Trust Funds of Delaware, Inc., et al.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** New Castle, DE

**DEFENDANTS**
Philadelphia D&M, Inc.

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Montgomery, PA

**(c) ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER)**
Jonathan Walters, Esquire
Markowitz & Richman
123 South Broad Street – Suite 2020
Philadelphia, PA 19109       215-875-3121

**ATTORNEYS (IF KNOWN)**
Unknown.

**II. BASIS OF JURISDICTION** (Place an 'X' in one box only)

___ 1 U.S. Government Plaintiff

_X_ 3 Federal Question (U.S. Government not a Party)

___ 2 U.S. Government

___ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For diversity cases only. Place an 'X' in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of business in this State | 4 | 4 |
| Citizen of another State | 2 | 2 | Incorporated and Principal Place of business in another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. ORIGIN (PLACE AN 'X' IN ONE BOX ONLY)**

Transferred from                                 Appeal to District Judge

_X_ 1 Original Proceeding   ___ 2 Removed from State Court   ___ 3 Remanded from Appellate Court   ___ 4 Reinstated or Reopened   ___ 5 another district (specify)   ___ 6 Multidistrict Litigation   ___ 7 from Magistrate Judgment

**V. NATURE OF SUIT (PLACE AN 'X' IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| __110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | __610 Agriculture | __422 Appeal 28 USC 158 | __400 State Reapportionment |
| __120 Marine | __310 Airplane | __362 Personal Injury | __620 Other Food & Drug | __423 Withdrawal | __410 Antitrust |
| __130 Miller Act | __315 Airplane Product | Med. Malpractice | __625 Drug Related Seizure | 28 USC 157 | __430 Banks and Banking |
| __140 Negotiable Instrument | Liability | __365 Personal Injury | of Property 21USC881 | | __450 Commerce/ICC Rrates |
| __150 Recovery of Overpayment | __320 Assault, Libel & | Product Liability | __630 Liquor Laws | **PROPERTY RIGHTS** | __460 Deportation |
| & Enforcement of Judgment | Slander | __368 Asbestos Personal | __640 R.R. & Truck | __820 Copyrights | __470 Racketeer Influenced & |
| __151 Medicare Act | __330 Federal Employers | Injury Product Liability | __650 Airline Regs. | __830 Patent | Corrupt Organizations |
| __152 Recovery of Defaulted | Liability | | __660 Occupational | __840 Trademarks | __810 Selective Service |
| Student Loans | __340 Marine | **PERSONAL PROPERTY** | __690 Other | | __850 Securities/Commodities |
| (Excl. Veterans) | __345 Marine Product | __370 Other Fraud | | | Exchange |
| __153 Recovery of Overpayment | Liability | __371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | __875 Customer Challenge |
| of Veteran's Benefits | __350 Motor Vehicle | __380 Other Personal | __710 Fair Labor Standards | __861 HIA (1395ff) | 12 USC 3410 |
| __160 Stockholders Suits | __355 Motor Vehicle | Property Damage | Act | __862 Black Lung (923) | __891 Agricultural Acts |
| __190 Other Contract | Product Liability | __385 Property Damage | __720 Labor/Mgmt. Relations | __863 DIWC/DIWW(405) | __892 Economic Stabilization |
| __195 Contract Product Liability | __360 Other Personal Injury | Product Liability | __730 Labor/Mgmt Reporting | __864 SSIS Title XVI | Act |
| | | | & Disclosure Act | __865 RSI(405) | __893 Environmental Matters |
| | | **PRISONER RIGHTS** | __740 Railway Labor Act | | __894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | __510 Motion to Vacate | __790 Other Labor Litigation | **FEDERAL TAX SUITS** | __895 Free. of Information Act |
| __210 Land Condemnation | __441 Voting | Sentence | _X_ 791 Empl. Ret. Inc. | __870 Taxes (U.S. | __900 Appeal of Fee Determ- |
| __220 Foreclosure | __442 Employment | **HABEAS CORPUS** | Security Act | Plaintiff or Defendant | ination under Equal |
| __230 Rent Lease & Ejectment | __443 Housing/ | __530 General | | | Access to Justice |
| __240 Torts to Land | Accommodations | __535 Death Penalty | | | __950 Constitutionality of |
| __245 Tort Product Liability | __444 Welfare | __540 Mandamus & Other | | __871 IRS Third Party | State Statutes |
| __290 All Other Real Property | __440 Other Civil Rights | __550 Civil Rights | | 26 USC 7609 | __890 Other Statutory |
| | | __555 Prison Condition | | | Actions |

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief state of cause-do not cite jurisdictional statutes unless diversity):
ACTION UNDER ERISA, 29 USC §§ 1132 and 1145, TO COLLECT UNPAID BENEFIT CONTRIBUTIONS.

| **VII. REQUESTED IN COMPLAINT:** ___ Check if this a Class Action Under FRCP 23 | **DEMAND:** $26,320.25 | **CHECK YES ONLY IF DEMANDED IN COMPLAINT** JURY DEMAND: ___ YES  _X_ NO |
|---|---|---|

| **VIII. RELATED CASES IF ANY:** NONE | JUDGE _____ | DOCKET NO. _____ |
|---|---|---|

| **DATE:** 3/17/2017 | **SIGNATURE OF ATTORNEY OF RECORD:** /s/ Jonathan Walters |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   Rockwood Office Park, 501 Carr Road, Suite 220, Wilmington, DE 19809

Address of Defendant:   500 Davis Drive, Suite 100, Plymouth Meeting, PA  19462

Place of Accident, Incident or Transaction:   Wilmington, DE
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No XX

Does this case involve multidistrict litigation possibilities?          Yes☐   No XX

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No XX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No XX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No XX

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No XX

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. XX All other Federal Question Cases
(Please specify)   ERISA

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I,   Jonathan Walters   , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
XX Relief other than monetary damages is sought.

DATE:   3/17/2017          /s/ Jonathan Walters          23900
Attorney-at-Law          Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   3/17/2017          /s/ Jonathan Walters          23900
Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  Rockwood Office Park, 501 Carr Road, Suite 220, Wilmington, DE 19809

Address of Defendant:  500 Davis Drive, Suite 100, Plymouth Meeting, PA  19462

Place of Accident, Incident or Transaction:  Wilmington, DE
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No **XX**

Does this case involve multidistrict litigation possibilities?     Yes☐  No **XX**

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐  No **XX**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐  No **XX**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐  No **XX**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐  No **XX**

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. XX All other Federal Question Cases
     (Please specify)    ERISA

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I,  Jonathan Walters  , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

XX  Relief other than monetary damages is sought.

DATE:  3/17/2017 _____     /s/ Jonathan Walters _____     23900 _____

Attorney-at-Law          Attorney I.D.#

NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  3/17/2017 _____     /s/ Jonathan Walters _____     23900 _____

Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

| | | |
|---|---|---|
| Laborers International Union of North America Local | : | United States District Court |
| No. 199 Welfare, Pension, Apprenticeship & Training, | : | |
| Annuity and Laborers-Employers Cooperative | : | Eastern District of Pennsylvania |
| Education Trust Funds of Delaware, Inc., et al., | : | |
| Plaintiffs | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. |
| Philadelphia D&M, Inc., | : | |
| Defendant | : | |

## Case Management Track Designation Form

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| | |
|---|---|
| March 17, 2017 | /s/  Jonathan Walters |
| Date | Jonathan Walters, Esquire (No. 23900) |
| | Markowitz & Richman |
| | 123 South Broad Street – Suite 2020 |
| | Philadelphia, PA 19109 |
| | 215-875-3121 (phone); 215-790-0668 (fax) |
| | jwalters@markowitzandrichman.com |